UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL CURTIS BOUNDS,<br><br>　　　　　　Defendant. | Case No. 1:20-cr-00151-BLW<br><br>**REPORT AND<br>RECOMMENDATION** |

On October 27, 2021 and November 3, 2021, Defendant Daniel Curtis Bounds appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to an amended written plea agreement. (Dkt. 22). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested on May 25, 2021, pursuant to an arrest warrant. Defendant had his initial appearance and arraignment on the Indictment before Magistrate Judge Ronald E. Bush on May 27, 2021. (Dkt. 6.) The Government filed a motion for detention, and the Court entered an order of temporary detention. (Dkt. 10.) The Court conducted a detention hearing on June 1, 2021, and denied the Government's motion for detention. (Dkt. 12.) Defendant was ordered released on conditions pursuant to the Court's order entered June 2, 2021. (Dkt. 13.)

Since his release on June 1, 2021, Defendant has complied with all conditions of pretrial release. Defendant reports to having maintained full-time employment and is providing financial support as well as care for his minor children. Further, during pretrial release, Defendant completed substance abuse treatment and has not submitted any positive urinalyses. Pretrial Services recommends that Defendant's conditions of pretrial supervision remain unchanged.

According to the Government, it has no objection to the Court finding exceptional

reasons to continue Defendant's release. The Government advised that it is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time.

According to Defendant's proffer, Defendant's performance on pretrial supervision demonstrates that he is exceptionally unlikely to flee or pose a danger to the community. In particular, Defendant notes that he is currently suffering from a medical condition that requires surgery, which he is attempting to schedule prior to sentencing. Defendant is involved in the care and financial support of his children, and he is actively engaged in finding suitable care for them once he is taken into custody following sentencing. Defendant has not had a positive urinalysis test and he has cooperated with his supervising Pretrial Services Officer.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of treatment of Defendant's medical condition that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Daniel Curtis Bounds' plea of guilty to Count 1 of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant Daniel Curtis Bounds' admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Amended Plea Agreement (Dkt. 22); and

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 13.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 3, 2021

*/s/ Candy Dale*
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE